In the Matter of the BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF ELLICOTTVILLE, GREAT VALLEY, HUMPHREY, FRANKLINVILLE, MANSFIELD and EAST OTTO, CATTARAUGUS COUNTY, Appellant, against JAMES E. ALLEN, JR., as Acting Commissioner of Education, Respondent.

Third Department, February 26, 1954.

*John W. Ellis* for appellant.

*John P. Jehu* and *Charles A. Brind, Jr.,* for respondent.

*Per Curiam.* Appeal from an order of the Supreme Court which dismissed a proceeding under article 78 of the Civil Practice Act to review a determination of the Acting Commissioner of Education.

A teacher was appointed by the appellant Board of Education to serve for a probationary period of three years. After she had served two years the board determined to discharge her without the recommendation of the district superintendent. She appealed to the Commissioner of Education and the acting commissioner ordered her reinstated upon the ground that the board had acted without the recommendation of the district superintendent as required by section 3013 of the Education Law. The board sought to review this determination under article 78 of the Civil Practice Act.

Unless the decision of the Acting Commissioner of Education was arbitrary or capricious, and not in accordance with the provisions of the Education Law, it is final and not subject to review in the courts (Education Law, § 310). Despite the able argument by counsel for the board we think the determination of the acting commissioner was neither arbitrary nor beyond the provisions of the law. The teacher in question clearly came within the so-called " tenure system ", which

involves several sections and has a somewhat lengthy history. Enacted first as a part of the " City School System " (L. 1917, ch. 786), it was finally extended to all school districts of the State which employ eight or more teachers (Education Law, § 3013, as amd. by L. 1952, ch. 407). It seems to be tacitly conceded by all concerned, although not directly alleged, that the district in question employed eight or more teachers.

The section cited provides that all teachers are to be employed for a probationary period not to exceed five years, but the services of any teacher so appointed may be discontinued at any time during the probationary period upon the recommendation of the district superintendent and by a majority of the board of education or trustees.

Appellant board argues that this section should not be applied to the exclusion of subdivision 2 of section 3011 of the Education Law, which bars the board of education from contracting with a teacher for more than a year in advance. It is appellant's theory, despite the fact it fixed the teacher's probationary period at three years, that it contracted with her from year to year, and, at the end of the second year it simply refused to renew her contract for a third year. Appellant argues that it not only had the right but was required to adopt such contractual procedure under the provisions of section 3011, and that section 3013 was not an effective bar to its action in that regard.

Respondent argues to the contrary that under the tenure system the contractual relationship between a teacher and a school board is fixed by statute. In order to make the relationship operative the board merely appoints for a probationary period pursuant to the statute, and by the same token the relationship cannot be severed during the probationary period except in conformity with the terms of the tenure statute.

Although the provisions of section 3011 may be applied to some districts not within the tenure system they are clearly irreconcilable with the provisions of section 3013 which provides for tenure in districts employing eight or more teachers. In our opinion the acting commissioner very properly held that insofar as there is a conflict between the two sections that section 3011 was superseded by the tenure statutes, and particularly by section 3013 as enacted (by L. 1945, ch. 833, as former § 312-b) in 1945 (*Walcott* v. *Fisher*, 274 App. Div. 339).

Any other holding would necessarily tend to wreck the tenure system by making it possible for a board of education to discharge a teacher during a probationary period without con-

sulting the district superintendent. Obviously a possibility of this character is quite contrary to legislative intent, as we read the statutes. The cases cited by appellant are either not in point or else were decided prior to the enactment of the tenure statutes.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order affirmed, without costs.