■ In the Matter of JOAN JOHNSON et al., Appellants, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered December 28, 1973 in Albany County, which dismissed, on the merits, petitioners' application, in a proceeding pursuant to CPLR article 78, challenging a decision of the Commissioner of Education. Petitioners, teachers in the Union Free School District No. 3, were notified by the Board of Education that, effective June 30, 1971, their employment would be terminated. This decision was appealed to the Commissioner of Education who determined that the dismissal of petitioner Johnson was proper in that the district Superintendent of Schools had recommended her dismissal and conversely held that, since the district Superintendent had not made an adverse recommendation to

the board as to petitioners Miller and Sheedy, their dismissal was improper. He therefore ordered the board to pay Miller and Sheedy their lost salaries less income from other employment and to reinstate Miller for the unexpired balance of her five-year probationary term. Special Term concluded that there was no basis advanced to disturb the Commissioner's decision and the instant appeal ensued. In reviewing determinations of the Commissioner the courts are limited by section 310 of the Education Law to cases where the Commissioner's decision is illegally grounded (e.g., *Matter of Board of Educ., City of N. Y.* v. *Nyquist,* 37 A D 2d 642, affd. 31 N Y 2d 468). In the instant case, section 3013 precludes a dismissal of a probationary teacher prior to the termination of the probationary period absent an adverse recommendation by the superintendent (*Matter of Board of Educ. of Cent. School Dist. No. 1* v. *Allen,* 283 App. Div. 376). The board urges, however, that section 3013 is not here controlling but rather its contract with the Tuxedo Teacher's Association which provides in pertinent part: "employment may be terminated by the Board or by the teacher at any time with or without cause, upon the giving of written notice of not less than thirty days" governs their relationship with appellants. We cannot agree with this contention. In *Board of Educ., Union Free School Dist. No. 3, Town of Huntington* v. *Associated Teachers of Huntington* (30 N Y 2d 122, 127, 129) the Court of Appeals held that collective agreements as to terms and conditions of employment control the public employer-employee relationship " except in cases where some other applicable statutory provision explicitly and definitively prohibits the public employer from making an agreement as to a particular term or condition of employment." In reviewing the applicability of section 3013 to the present case while we cannot construe section 3013 as " explicitly and definitively " prohibiting *variation* of its terms, we must construe section 3013 as precluding a contract provision as here involved which completely strips the probationary teachers of what little protection from arbitrary dismissal they have under the statute. To be acceptable variations to the employment practices established in section 3013, grievance procedures developed through collective bargaining must be limited in that a procedure at least as effective in promoting rational employment practices as that established in section 3013 must be included in the agreement. Since this agreement provides no such procedure, it is invalid. Nor did the petitioners Sheedy and Miller waive their statutory right, or are they estopped from asserting it, merely by accepting employment under a collective contract which purports to waive the right (*Matter of Union Free School Dist. No. 6* v. *New York State Div. of Human Rights,* 43 A D 2d 31). Similarly, the record here gives no indication that Sheedy or Miller affirmatively approved the clause permitting their dismissal without action by the district superintendent. The Commissioner therefore correctly held the statute, not the contract, to control their rights. We find no basis in any other arguments raised to disturb the Commissioner's decision and it should, therefore, be affirmed. Judgment affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.