In the Matter of RUSSELL FLEMMING, Appellant, v ANTHONY CAGLIOSTRO, as Chairman of the New York State Drug Abuse Control Commission, et al., Respondents.

Third Department, July 15, 1976

*Sam Resnicoff* for appellant.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. P. From March 28, 1968 to May 14, 1974 petitioner occupied the competitive class position of Narcotic Correction Officer in the New York State Drug Abuse Control Commission (D.A.C.C.). Petitioner was absent from work for a substantial period of time prior to May 9, 1974, when a letter was sent to him from the Director of Personnel of D.A.C.C. which stated as follows: "Due to the fact that you have not reported for duty your accruals were exhausted as of May 5, 1974 and you have been placed on leave without pay status. If you do not report to work by May 14, 1974, you will be placed on unauthorized leave. This unauthorized leave status may result in any continuing absence being considered a resignation under Article 15.10 of the existing agreement between New York State and Council 82—AFSCME."

On May 31, 1974, petitioner was advised: "In accordance with my letter to you on May 9, 1974, this is to advise that you have been resigned from your position of Narcotic Correction Officer at the Brooklyn Central Community Rehabilitation Center effective May 14, 1974. This action is being taken as a result of your unauthorized absence in excess of ten work days, as provided in Article 15.10 of the existing Agreement between New York State and Council 82, AFSCME, Section 5.3d of the New York State Rules for Classified Services."

The instant proceeding was commenced on or about September 16, 1974. Special Term dismisssed the petition on March 31, 1975 "with leave to renew upon a demonstration by petitioner of exhaustion of all administrative remedies". On May 7, 1975 petitioner served a demand that respondents "comply with the grievance procedure set forth in Article 8 of

the Agreement between the State of New York and Security Unit Employees Council 82, AFSCME, AFL-CIO". By letter dated May 16, 1975, the Director of Agency Manpower Management for D.A.C.C. informed petitioner's counsel that the grievance was denied as untimely since petitioner was deemed to have "resigned" from his position because of unauthorized absence, wherefore the matter was required to be resolved under article 7 of the agreement which requires that the grievance shall be presented orally to the employee's immediate superior within 10 calendar days of the date on which the employee first knew of such act or omission.

Petitioner then moved at Special Term for leave to renew CPLR article 78 proceedings, which petition was dismissed on a finding that "petitioner has failed to file a timely grievance contesting his termination."

We concur in the court's application of article 7 of the agreement and not article 8 as contended by the petitioner. While the provisions of subdivision (d) of section 5.3 of the rules of the Department of Civil Service (4 NYCRR 5.3 [d]) as an alternate means for severance from employment, established as valid in *Matter of Dunn v Simon* (16 AD2d 719, mot for lv to app den 11 NY2d 646), have now been declared constitutionally invalid in *Matter of Johnson v Director, Downstate Med. Center* (52 AD2d 357), the provisions of article 15.10 of the collective bargaining agreement in question here, substantively identical, are protected from a finding against constitutionality because of the existence of a grievance procedure under which there was available to petitioner a hearing and those other requisites of due process which were absent in *Johnson.* While petitioner could thus have availed himself of a hearing on the question of whether he satisfactorily explained his absence *(Matter of McGirr v Division of Veterans Affairs, Executive Dept., State of N.Y.,* 47 AD2d 541) he waived this remedy by failure to timely file a grievance under the provisions of article 7. Having thus failed to exhaust available administrative remedies, he is barred from seeking relief under article 78 *(Merante v Burns,* 47 AD2d 671).

The judgment should be affirmed, without costs.

SWEENEY, MAIN, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.