■ In the Matter of LLOYD PLUMMER, Respondent, v DANIEL KLEPAK, as Chairman of the New York State Drug Abuse Control Commission, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellants to reinstate petitioner to his former position of Narcotic Correction Officer, effective September 15, 1975, with back pay and other accrued benefits and emoluments to which he may be entitled, the appeal is from a judgment of the Supreme Court, Kings County, entered September 8, 1977, which granted the petition. Judgment affirmed, with $50 costs and disbursements. Petitioner was employed for more than five years by the New York State Drug Abuse Control Commission as a Narcotic Correction Officer. On October 7, 1975, after a prolonged, unexplained absence, petitioner was informed by letter that he had been on unauthorized leave since September 16, 1975. The letter stated further that petitioner's unexplained absence constituted a resignation under article 15.10 of the collective bargaining agreement between the State and petitioner's union and under subdivision (d) of section 5.3 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 5.3 [d]). On November 5, 1975 petitioner filed a grievance under article 7 ("Grievance Arbitration") of the agreement because he could not pursue the remedies provided for under article 8 ("Discipline") of the agreement. He could not do so because appellants refused to invoke the procedures by serving a notice of discipline. The grievance was subsequently denied as untimely because it was not filed within 10 days of receipt of the appellants' letter. Petitioner then brought this article 78 proceeding seeking reinstatement. Since petitioner held a permanent civil service position, he could not be dismissed without a hearing. Accordingly, the termination of his employment was improper (see *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357, affd 41 NY2d 1061; *Matter of Dain v City Cent. School Dist. of Port Jervis,* 57 AD2d 622; *Matter of McGirr v Division of Veterans Affairs, Executive Dept., State of N. Y.,* 43 NY2d 635). The appellants, citing *Matter of Flemming v Cagliostro* (53 AD2d 187, mot for lv to app den 40 NY2d 806), contend that (1) petitioner is barred from relief under CPLR article 78 because of his failure to file a timely grievance contesting his termination under article 7 of the collective bargaining agreement, which provides a grievance procedure for disputes "concerning the application and/or interpretation of this Agreement", and (2) the provisions of article 15.10 of the agreement, which are substantively identical to the provisions of 4 NYCRR 5.3 (d), are protected against a finding of unconstitutionality because of the existence of the grievance procedure, which procedure was absent in *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y. (supra).* In rejecting the appellants' contentions, we expressly decline to follow the

Third Department's holding in *Matter of Flemming v Cagliostro (supra)*. In *Johnson* we held that since 4 NYCRR 5.3 (d) was essentially disciplinary in character, compliance with section 75 of the Civil Service Law, which specifies the applicable procedure for "Removal and other disciplinary action" was required and that 4 NYCRR 5.3 (d), was unconstitutional as applied to the petitioner therein. While the parties to a collective bargaining agreement may supplant the statutory procedures and remedies whereby covered public employees may challenge disciplinary action taken against them and may substitute alternate methods therefor (see *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921), there is no indication that the collective bargaining agreement herein waived petitioner's due process rights. Indeed, had the appellants invoked the procedures specified in article 8 of the agreement, which by the terms of the agreement are applicable to "a claim of improper or unjust discipline against an employee", then 4 NYCRR 5.3 (d) and article 15.10 of the agreement would have been constitutional as applied. It is the failure of the appellants to have invoked the notice and hearing procedures of article 8 which brings this case under the rule of *Johnson,* wherein the employer also failed to utilize the notice and hearing provisions specified as the disciplinary procedure in the collective bargaining agreement. Since the appellants prevented the petitioner from utilizing the administrative remedies of article 8, this article 78 proceeding is a proper vehicle for relief. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.