OPINION OF THE COURT
Jasen, J.
Petitioner, a narcotic control officer with the respondent New York State Drug Abuse Control Commission, was informed by letter dated October 7, 1975, that he had been on unauthorized leave from his employment since September 16, 1975. The letter stated further that this unexplained absence constituted a resignation under both subdivision (d) of section 5.3 of the Rules and Regulations of the Department of Civil Service (former 4 NYCRR 5.3 [d] [repealed Feb. 27, 1979]) and article 15.10 of the collective bargaining agreement between the State and petitioner’s union.
Thereafter, on November 5, 1975, petitioner filed a grievance pursuant to article 7 of the collective bargaining agreement ("Grievance and Arbitration”). This grievance was rejected ultimately as untimely inasmuch as it had not been presented within 10 days of the date petitioner first knew of his termination, as was required by the express terms of that article.
*489 The instant proceeding was thereafter commenced pursuant to CPLR article 78. Special Term held that the termination was contrary to law, granted the petition and ordered respondents to reinstate petitioner to his former position, with back pay and interest retroactive to the date of his termination of employment, less compensation earned in other employment and unemployment benefits received since the date of termination, along with all other emoluments of employment. The Appellate Division unanimously affirmed. There should be a reversal.
Initially, we address the conclusions reached by the Appellate Division that petitioner’s resignation was disciplinary in nature and that respondents were obliged to invoke the notice and hearing procedures outlined in article 8 of the collective bargaining agreement ("Discipline”). This characterization of petitioner’s termination as "disciplinary” is at variance with the terms of the collective bargaining agreement in which the parties agreed that an unauthorized and unexplained absence for 10 consecutive workdays would be deemed a resignation. In our opinion, this dispute between the parties concerned the application of provisions of the agreement. Thus, it was incumbent upon petitioner to file a grievance within 10 days of the date he first learned of his termination as mandated by article 7 of the agreement. (See Matter of Flemming v Cagliostro, 53 AD2d 187, mot for lv to app den 40 NY2d 806.) This, he did not do.
Since petitioner failed to avail himself of the grievance procedure set forth in the collective bargaining agreement, he is precluded from seeking relief under CPLR article 78. (See, e.g., Matter of Flemming v Cagliostro, 53 AD2d, at p 189, supra; Merante v Burns, 47 AD2d 671; see, also, Slater v Gallman, 38 NY2d 1.)
Petitioner, having designated the union as his collective bargaining agent, is bound by the terms of the agreement negotiated for and made on his behalf. (Schacht v City of New York, 39 NY2d 28, 32.) The collective bargaining agreement expressly provides that an unauthorized absence for 10 consecutive workdays would be deemed to constitute a resignation. The bargain having been struck and the parties having agreed to a procedure for the resolution of disputes involving this provision, petitioner should not now be heard to complain, having failed to avail himself of the administrative remedies *490 outlined in the collective bargaining agreement. (See Matter of Flemming v Cagliostro, 53 AD2d 187, supra.)
Nor is our holding today in conflict with our prior decision in Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y. (41 NY2d 1061). Although in Johnson we held that subdivision (d) of section 5.3 of the Rules and Regulations of the Department of Civil Service (former 4 NYCRR 5.3 [d]) was invalid since its provisions were in conflict with section 75 of the Civil Service Law, we did not reach the further issue — presented by this appeal — whether a parallel provision embodied in a collective bargaining agreement would also be void.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.