OPINION OF THE COURT
Robert W. Doyle, J.
This is a proceeding pursuant to CPLR article 78 to enjoin and restrain the respondents from (1) closing Long Island Correctional Facility (LICF); (2) taking any steps or action in accordance with any plan to close LICF; (3) discontinuing the operation and maintenance of the said facility; (4) decreasing by transfer or other means the number of employees employed at LICF.
Petitioner has requested as an alternative that a hearing be held if such is required for the resolution of any issues of fact and that respondents be enjoined and restrained in *877 accordance with the foregoing request pending a trial and hearing, which latter application was granted by the court after hearing oral argument on petitioners’ motion for a preliminary injunction.
The proceeding is brought on behalf of two classes of petitioners: those who are Correction Officers, Sergeants and Lieutenants and civilian employees of the New York Department of Correctional Services (DOCS) currently employed at LICE (Class I), and employees of like description employed at Sing Sing Correctional Facility and other facilities maintained and operated by DOCS (Class II).
LICE is situated on the grounds of the Pilgrim State Psychiatric Center, 36 acres of which were converted to prison space pursuant to a plan to meet the prison population needs of the correction system. As recently as April 20, 1984, the inmate population in New York State reached 32,156 reflecting an inmate population of 115.9% of occupation capacity. LICE has capacity to house 1,000 prisoners. It is petitioners’ contention the projected closing of LICE will inflict additional overcrowding on the State’s remaining prison facilities and the concomitant creation of an unreasonably dangerous working environment for DOCS employees. On or about April 26,1984 the Commissioner of Labor was notified pursuant to section 27-a of the Labor Law by John W. Burke, Executive Director of Council 82, that a dangerous condition existed in the prisons due to the overcrowding and that the closing of LICE would aggravate and exacerbate the risk of serious bodily injury and death to persons employed at prison facilities. The Commissioner’s response was to inspect various facilities for violations of occupation safety and health standards adopted from section 18b of the United States Occupational Safety and Health Act of 1970 (US Code, tit 29, § 651 et seq., as added by Pub L 91-596) — see section 27-a (subd 3, par c) of the Labor Law — but declined enforcement with respect to allegedly hazardous overcrowded conditions.
The petition alleges seven causes of action as follows:
First — to enjoin violation of section 27-a of the Labor Law.
Second — to prohibit the closing of LICE upon the grounds the decision to do so does not rest upon any *878 legitimate State purpose and is thus illegal, arbitrary and capricious.
Third — to prohibit Governor Cuomo from proceeding in excess of his constitutional and statutory authority by ordering the closing of LICF.
Fourth — to prohibit the Governor from usurping the powers, rights and duties of the Commissioner of Corrections by ordering the closing of LICF.
Fifth — to prohibit the Commissioner of Corrections from allowing the closing solely upon the basis of the Governor’s request.
Sixth — to mandate respondents to utilize the resources of the Correction Department so as to require the maximum of services and facilities required by law, and
Seventh — to estop respondents from interfering with the employment status of the LICF petitioners.
Respondents move for dismissal of the petition pursuant to CPLR 7804 (subd [f]) and 3211 (subd [a], pars 2, 7), upon the grounds (a) the decision to close LICF involves the exercise of executive discretion and therefore presents a controversy that is nonjusticiable (citing Jones v Beame, 45 NY2d 402; and Bowen v State Bd. of Social Welfare, 45 NY2d 402); (b) that petitioners have failed to exhaust their contractual remedies; (c) the petition fails to state a cause of action; and (d) petitioners lack standing.
Respondents allege in their supporting affidavits that the plan to close LICF is but one element of an over-all capital expansion plan enacted under chapter 56 of the Laws of 1983 which will serve to create an additional 7,762 cells; that the decision to close LICF was based upon the conclusion that continued operation thereof would be inappropriate in light of the fact that it was opened without adequate opportunity for community participation in the planning process (Coughlin affidavit); and, that arrangements are currently being made for the reassignment or other placement of personnel employed at LICF (affidavit of Joseph A. Murphy, Jr., Director of Personnel of DOCS).
In the discussion of the decision in the case relied upon by respondents, the Court of Appeals observed that the Jones court was careful to note that it was refusing only to *879 become ensnarled in an attempt to weigh and select policies, but not to review the implementation of those policies on a case-by-case basis (Klostermann v Cuomo (61 NY2d 525). The court there found an avenue for review left open in Bowen, to wit: “where individuals * * * claim that they hold certain rights under the pertinent statutes and are seeking to enforce those rights” (id., p 536).
Respondents contend that petitioners may not bring themselves within the scope of Klostermann review on the basis of their assertion of a generalized right to safe working conditions, but must instead demonstrate that there has been a violation of a safety or health standard.
The court disagrees. Section 27-a imposes two separate and distinct duties upon employers which are (1) to “furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees; and (2) [to] comply with the safety and health standards promulgated under this section” (subd 3, par a). Subdivisions 6 and 7 of the same statute permit an action to be brought under given circumstances by any employee or employee representative pursuant to CPLR article 78 to seek injunctive relief to eliminate any conditions or practices in a place of public employment which could reasonably be expected to cause death or serious physical injury.
As a prelude to its discussion of the justiciability issue in Klostermann (supra), the Court of Appeals declares (pp 530, 531) that: “claims do not present a nonjusticiable controversy merely because the activity contemplated on the State’s part may be complex and rife with the exercise of discretion. Rather, the judiciary is empowered to declare the individual rights in all such cases, even if the ultimate determination is that the individual has no rights. Moreover, if a statutory directive is mandatory, not precatory, it is within the courts’ competence to ascertain whether an administrative agency has satisfied the duty that has been imposed on it by the Legislature and, if it has not, to direct that the agency proceed forthwith to do so.” (Emphasis supplied.)
*880 The court finds such to be the case herein and that petitioners, employees and their employee representatives, have standing to seek relief under section 27-a (subd 7, par c).
Neither is the court persuaded that the case is rendered nonjusticiable because the application of the Klostermann rule herein would result in the encroachment by one executive department on an area of decision-making committed to another. The Commissioner of Labor is not called upon to determine whether or not LICE shall remain open or closed but merely to seek to restrain potentially dangerous conditions or practices through the abatement procedures provided under section 27-a.
If “encroachments”, as respondents term it, may be tolerated to enforce specific OSHA regulations, allowance must also be made to enforce the employer’s duty to furnish employees a place of employment free from the recognized danger of overcrowding in State prisons, “and the potentially explosive situation” it creates (Matter of Cohalan v Carey, 88 AD2d 77, 81, app dsmd 57 NY2d 672).
Neither does the court decline jurisdiction herein because petitioners have not exhausted the contractual remedies outlined in their collective bargaining agreement (see, e.g., Matter of Plummer v Klepak, 48 NY2d 486; Matter of Lewis v Klepak, 65 AD2d 637; Merante v Burns, 47 AD2d 671; Matter of Flemming v Cagliostro, 53 AD2d 187).
Petitioners herein, unlike those in the cited cases, challenge respondents’ action as being unconstitutional and beyond the Governor’s grant of power. In such a case the rule of exhaustion of administrative remedies need not be followed (Matter of Milburn v McNiff, 81 AD2d 587). Nor need the rule be followed where the relief sought is by way of prohibition (Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88).
Respondents’ motion for dismissal upon the ground the petition fails to state a cause of action is denied. On an application to dismiss an article 78 proceeding on objections in point of law, only the petition may be considered and all of its allegations are deemed to be true (Matter of De Paoli v Board of Educ., 92 AD2d 894; Matter of Stokes v *881 Connelie, 81 AD2d 988). As noted hereinabove, the petition alleges the existence of a dangerously overcrowded condition in the State’s prisons which will become aggravated and exacerbated if LICF is closed and its prison population distributed to other already overcrowded facilities. That fact may be deemed true. Since the respondents’ motion to dismiss is addressed to the petition as a whole, it must be denied in its entirety upon a determination that one of the causes of action asserted by the petition is legally sufficient (County-Wide Leasing Corp. v Subaru Distrs. Corp., 85 AD2d 592; Samaras v GATX Leasing Corp., 75 AD2d 890). It cannot be said as a matter of law that petitioners fail to state a cause of action under section 27-a of the Labor Law to restrain the maintenance or creation of an unreasonably dangerous working environment.
Accordingly, respondents’ motion to dismiss the petition is denied and the respondents directed to serve their answer within 10 days after service upon them of a copy of this order with notice of entry.