OPINION OF THE COURT
Joseph D. Mintz, J.
Petitioner brings this CPLR article 78 proceeding for his *1022 reinstatement as a firefighter with the City of Buffalo Fire Department. Petitioner was terminated under article 14 of the collective bargaining agreement covering his employment with the City of Buffalo. Section 14.3 of that agreement provided: "Any member absent without leave for more than twenty (20) working days may have his employment terminated by the Department Head without a hearing. Such termination shall be final without recourse to the disciplinary procedures contained in the collective agreement. Upon such termination the City will provide the employee with all benefits which he has previously earned.” The operative facts under which petitioner was terminated are not in dispute. Petitioner was absent without leave for a period in excess of 20 days. His absence was occasioned by his having been arrested and incarcerated. While he was ultimately acquitted of all charges, he was incarcerated during the pendency of the charges due to his family’s inability to meet his bail. Respondents were at all times advised of petitioner’s absence and the explanation therefor. Nonetheless, respondents terminated petitioner under section 14.3 as set forth above.
Petitioner claims that he was wrongfully terminated and that the lack of any procedural protection violated his constitutional rights. Respondents claim that petitioner waived his rights under the collective bargaining agreement, and that such waiver was proper under Matter of Plummer v Klepak (48 NY2d 486 [1979], cert denied 445 US 952 [1980]) and Antinore v State of New York (40 NY2d 921 [1976]).
Plummer (supra) and Antinore (supra) hold that being subject to a collective bargaining agreement may constitute an affirmative waiver of constitutional rights, that a waiver of constitutional rights is not improper so long as the waiver is not violative of public policy, and that a substitution of arbitration or other alternative dispute resolution for the employee’s rights under the appropriate governing statute is not violative of public policy. Where, however, the waiver inferred from the collective bargaining agreement violates public policy, the waiver of constitutional rights will not be upheld. Thus, where the collective bargaining agreement, for example, countenances sex discrimination, the rights of the employees under section 298 of the Executive Law are not waived. (See, Matter of Union Free School Dist. No. 6 v New York State Div. of Human Rights, 43 AD2d 31 [2d Dept 1973], appeal dismissed 33 NY2d 975 [1974]; Union Free School Dist. *1023 No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371 [1974].)
Neither Plummer (supra) nor Antinore (supra) nor their progeny deal with the total abrogation of any procedural safeguard in the collective bargaining agreement. Plummer was afforded a grievance procedure which, according to the court, could have determined whether he was to be afforded the safeguards of the collective agreement dealing with disciplinary procedures. Antinore was subject to binding arbitration wherein all issues could be raised. In contrast, petitioner was subject to termination "without a hearing” and "without recourse to the disciplinary procedures contained in the collective agreement.” Even if petitioner’s termination were subject to the general grievance and arbitration provisions of the agreement, under article 23, the arbitrator could not have been empowered to determine if petitioner’s termination was for cause as required under the disciplinary procedures in that the arbitrator would not have the power to "amend, modify, or delete any provision of th[e] agreement”, and the agreement plainly provides that section 14.3 is not subject to the disciplinary procedures.
Petitioner urges that such a total abrogation of procedural safeguards is against public policy. While substitution of alternative methods of dispute resolution are not against public policy, "grievance procedures developed through collective bargaining must be limited in that a procedure at least as effective in promoting rational employment practices * * * must be included in the agreement.” (Matter of Johnson v Nyquist, 46 AD2d 930, 931 [3d Dept 1974].) Section 14.3 of the agreement vested the respondent with the power to terminate without affording the petitioner a hearing, disciplinary procedural safeguards, or any meaningful grievance or arbitration procedure. Therefore, the agreement was devoid of any procedure "at least as effective in promoting rational employment practices”, and under Johnson (supra, at 931), such an agreement is violative of public policy.
For the foregoing reasons, this court determines that petitioner has not waived his rights under sections 75 and 76 of the Civil Service Law, and petitioner is entitled to all procedural safeguards thereunder. Failure by respondent to so proceed within 30 days of entry of an order herein, shall result in petitioner’s automatic reinstatement with back pay.