■ WILLIAM A. GUILFORD, Respondent, v CITY OF BUFFALO et al., Appellants.—Judgment unanimously reversed on the law without costs, motion denied, cross motion granted and petition dismissed. Memorandum: Petitioner, a firefighter for the City of Buffalo, was dismissed from his position pursuant to section 14.3 of the collective bargaining agreement between the firefighters' union and the City. That section provides: "Any member absent without leave [AWOL], for more than twenty (20) working days may have his employment terminated by the Department Head without a hearing. Such termination shall be final without recourse to the disciplinary procedures contained in the collective bargaining agreement." In a CPLR article 78 proceeding, petitioner sought reinstatement to his position on the ground that section 14.3 is unconstitutional. Supreme Court determined that respondents' application of the AWOL section to petitioner was violative of public policy and ordered respondents to proceed pursuant to Civil Service Law §§ 75 and 76. That was error *(see, Antinore v State of New York,* 49 AD2d 6, *affd* 40 NY2d 921).

We find that section 14.3, and the attendant waiver of certain procedural safeguards, is not violative of public policy. "[D]ue process requirements * * * are not relevant when they have been waived by the party seeking to assert them, as by

voluntarily entering into an agreement for the resolution of disputes in a manner which dispenses with one or more of the rights constitutionally guaranteed" *(Antinore v State of New York, supra,* at 10). Here, the parties have agreed to the AWOL provision and to a procedure for the resolution of disputes involving that section, without recourse to the disciplinary procedures of the collective bargaining agreement. By the terms of the agreement, petitioner could, and did, avail himself of the grievance and arbitration procedures contained in the collective bargaining agreement to determine the proper application of the AWOL clause. "Petitioner, having designated the union as his collective bargaining agent, is bound by the terms of the agreement negotiated for and made on his behalf" *(Matter of Plummer v Klepak,* 48 NY2d 486, 489, *cert denied* 445 US 952). (Appeal from Judgment of Supreme Court, Erie County, Mintz, J. Article 78.) Present— Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.