■ In the Matter of BERTRAM W. DELMAGE, Respondent, v PATRICK A. MAHONEY et al., Appellants. [639 NYS2d 66] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, dated February 28, 1994, which found the petitioner to have displayed poor judgment warranting the entry of a written reprimand and warning in petitioner's personnel file, the appeals are from (1) a judgment of the Supreme Court, Suffolk County (Berler, J.), entered October 3, 1994, which granted the petition to the extent of setting aside the determination and directing the appellants to expunge from the petitioner's personnel file any documents making reference to the determination, and (2) as limited by the appellants' brief, so much of an order of the same court, entered March 9, 1995, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from, and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner, a Suffolk County Deputy Sheriff, was issued a written reprimand by an Under Sheriff without a hearing. The petitioner commenced this proceeding, alleging that this procedure violated his rights under Civil Service Law § 75 (2). He sought to have the written reprimand removed and expunged from his personnel file. The appellants contended that pursuant to a collective bargaining agreement between Suffolk County and the Deputy Sheriffs Benevolent Association, of which petitioner was a member, the Sheriff had the power to issue a verbal or written reprimand without the necessity of a hearing pursuant to Civil Service Law § 75.

The court agreed with the petitioner, finding that there is no language in the collective bargaining agreement waiving the petitioner's right to a hearing pursuant to Civil Service Law § 75.

Although a contract provision may modify or replace the more traditional forms of judicial and/or statutory protection afforded public employees *(see, Guilford v City of Buffalo,* 177 AD2d 971; *Matter of Marin v Benson,* 131 AD2d 100; *Matter of Stoker v Tarentino,* 101 AD2d 651; *Matter of Dye v New York City Tr. Auth.,* 88 AD2d 899, *affd* 57 NY2d 917; *Antinore v State of New York,* 49 AD2d 6, *affd* 40 NY2d 921), such a provision must be clear and unambiguous in effecting the modification or replacement in order to be enforceable *(see, Frontier Ins. Co. v State of New York,* 197 AD2d 177, *affd* 87 NY2d 864).

At bar, the collective bargaining agreement provides that "[a]ll permanent full time employees shall be entitled" to the Progressive Discipline Systems, which is contained in the county's Employee Disciplinary Manual. A review of the manual shows that it provides for separate disciplinary procedures for "those employees NOT entitled to a Section 75 Hearing as per Civil Service Law" and "those employees entitled to a Section 75 Hearing per Civil Service Law". The petitioner, as a person holding a position by permanent appointment in the competitive class of the classified civil service, is entitled to a Civil Service Law § 75 hearing as per the disciplinary manual and the Civil Service Law. Moreover, section 130-1 (A) of the Operations and Procedures Guide of the Suffolk County Sheriff's Department provides that "[d]iscipline and punish-

ment determination against any member of the Department shall be in accordance with the provisions of the Civil Service Law of the State of New York".

Notwithstanding the foregoing provisions, the section of the disciplinary manual which applies to employees entitled to a hearing pursuant to Civil Service Law § 75 also provides in pertinent part that "[i]f the department wishes to issue * * * a written reprimand, the procedures as stated under the first and second violations should be followed". However, the procedures set forth under the "first and second violations" were applicable only to those employees who were not entitled to a hearing pursuant to Civil Service Law § 75 in disciplinary matters.

Thus, the collective bargaining agreement incorporates by reference a disciplinary manual whose provisions are ambiguous, and which conflicts with the provisions of the Operations and Procedures Guide specifically applicable to the Sheriff's Department. In light of these ambiguities and inconsistencies, it cannot be reasonably concluded that the petitioner, expressly or impliedly, waived his right to a hearing pursuant to Civil Service Law § 75. Moreover, the fact that the Sheriff's Department had a long-standing practice of issuing written reprimands without a hearing is irrelevant *(see, Frontier Ins. Co. v State of New York, supra).* Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.