■ G. HEILEMAN BREWING COMPANY, INC., et al., Respondents, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [654 NYS2d 773] —Judgment (denominated an order), Supreme Court, New York County (Alice Schlesinger, J.), entered on or about February 27, 1996, which denied defendant Liquor Authority's motion to dismiss this declaratory judgment action as to whether Alcoholic Beverage Control Law § 101 (1) (a) and § 107-a and defendant's rule 50 prohibit plaintiffs manufacturer and wholesaler of a malt liquor product from placing a suggested retail price sticker on the bottles of such product, and granted plaintiffs' cross motion for summary judgment declaring that they are not thereby prohibited from so doing, unanimously affirmed, without costs.

In denying defendant's motion to dismiss, the motion court correctly invoked "settled law that, where no factual issue is raised, a declaratory judgment action may be maintained to challenge the validity or application of a particular statute without exhausting administrative remedies" (*Westwood Pharms. v Chu*, 164 AD2d 462, 467, *lv denied* 77 NY2d 807). Moreover, in view of defendant's firm statement of policy, it is evident that resort to administrative remedies, such as a declaratory ruling, would have been futile, and therefore was not required (*Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140-141). On the merits, the removable suggested retail price sticker, which does not conflict with or augment the information required to be on the approved and registered brand label, does not violate Alcoholic Beverage Control Law § 107-a or defendant's rule 50, since the sticker in and of itself is not deceptive and any deceptive practices by retailers that may occur can be otherwise prohibited (*see*, 9 NYCRR 99.6 [a]). Nor does the sticker violate Alcoholic Beverage Control Law § 101 (1) (a), the "tied house" provision prohibiting wholesalers and manufacturers of alcoholic beverages from being directly or indirectly interested in retailers, since the retailer is not required to charge the suggested price, keep the removable sticker on the product or even sell the product at all, and is not otherwise tied to plaintiffs by use of the sticker. We have considered defendant's other arguments and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.