■ In the Matter of ELEANOR BARRERA, Respondent, v FRONTIER CENTRAL SCHOOL DISTRICT, Appellant. [672 NYS2d 218] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent appeals from a judgment that granted the CPLR article 78 petition alleging that respondent impermissibly terminated petitioner's employment without a hearing in violation of Civil Service Law § 75. Supreme Court thereby annulled respondent's determination to accept the "resignation" of petitioner from her position as a school bus driver, reinstated her to that position, and granted her back pay and benefits. Respondent contends that petitioner was not entitled to a hearing before respondent accepted her "resignation" pursuant to a provision of the collective bargaining agreement that deems an absence without leave in excess of 10 consecutive work days to constitute a resignation from employment.

An employer's acceptance of an employee's constructive resignation, as provided by a collective bargaining agreement, is not a disciplinary action that entitles the employee to prior notice or a hearing (*see, Matter of Plummer v Klepak*, 48 NY2d 486, 489-490, *cert denied* 445 US 952). An agreement between the employer and the union constitutes a waiver of the employee's protections under Civil Service Law § 75. Further, due process is satisfied by the inclusion of a grievance procedure in the collective bargaining agreement, irrespective of

whether petitioner availed herself of that grievance procedure (*see, Matter of Plummer v Klepak, supra,* at 489-490; *see also, Antinore v State of New York,* 49 AD2d 6, 10-12, *affd* 40 NY2d 921; *Guilford v City of Buffalo,* 177 AD2d 971, 971-972, *appeal dismissed and lv denied* 79 NY2d 912; *Matter of Flemming v Cagliostro,* 53 AD2d 187, 189, *lv denied* 40 NY2d 806; *see generally,* Civil Service Law § 76 [4]). (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Pigott, Jr., Balio and Boehm, JJ.

