FOURTH DEPARTMENT, APRIL, 2005

(April 29, 2005)

■ In the Matter of STANLEY HALL, Appellant-Respondent, v TOWN OF HENDERSON, Respondent-Appellant. [794 NYS2d 231]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered May 26, 2004 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition in part and directed respondent to reinstate petitioner to his position as equipment operator for respondent and to pay back wages from October 10, 2003 and costs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner, a former employee of respondent's Highway Department, commenced this CPLR article 78 proceeding seeking, inter alia, a declaration that respondent's conduct in terminating petitioner violated "Civil Service Law Section

71'' and his right to due process under the Fifth Amendment of the United States Constitution, which is enforceable through 42 USC § 1983. Specifically, petitioner contended that he was entitled to written notification and an opportunity to be heard prior to the termination (*see* Civil Service Law § 75 [1], [2]). Petitioner sought reinstatement, an award of back pay and costs, and an award of attorney's fees pursuant to 42 USC § 1988.

We agree with respondent that Supreme Court erred in granting the petition in part, and granting reinstatement and an award of back pay and costs. "It is well settled that a contract provision in a collective bargaining agreement [CBA] may modify, supplement, or replace the more traditional forms of protection afforded public employees, for example, those in sections 75 and 76 of the Civil Service Law" (*Dye v New York City Tr. Auth.*, 88 AD2d 899, 899 [1982], *affd* 57 NY2d 917 [1982]; *see* Civil Service Law § 76 [4]; *Matter of Grippo v Martin*, 257 AD2d 952, 953 [1999]). Where, as here, an employee is covered by a CBA containing a grievance procedure, and the particular dispute is governed by that procedure, the employee may not sue the employer directly but, rather, is bound to follow the grievance procedure outlined in the CBA and exhaust all administrative remedies (*see Matter of Plummer v Klepak*, 48 NY2d 486, 489-490 [1979], *cert denied* 445 US 952 [1980]; *Matter of Moses v Rensselaer County*, 262 AD2d 697, 699 [1999]; *Matter of Cantres v Board of Educ. of City of N.Y.*, 145 AD2d 359, 360 [1988]). Due process is therefore satisfied "by the inclusion of a grievance procedure in the [CBA], irrespective of whether petitioner availed [himself] of that grievance procedure" (*Matter of Barrera v Frontier Cent. School Dist.*, 249 AD2d 927, 927-928 [1998]).

Petitioner did not avail himself of the grievance procedure outlined in the CBA and therefore failed to exhaust his administrative remedies. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.