■ In the Matter of NADINE FLUELLEN, Appellant, v JOHN F. HANLEY, as Commissioner of the City of New York Office of Labor Relations, et al., Respondents. [845 NYS2d 276]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered June 20, 2006, which granted respondents' motion to dismiss the petition brought pursuant to CPLR article 78 to annul respondents' determination terminating petitioner's employment, and dismissed the petition, unanimously affirmed, without costs.

The collective bargaining agreement between petitioner's union and the Health and Hospitals Corporation required her to avail herself of a four-step grievance procedure in connection with the disciplinary proceeding commenced against her. Her failure to proceed through the final step of the procedure precludes her from commencing this article 78 proceeding (*see Matter of Plummer v Klepak*, 48 NY2d 486, 489-490 [1979]). Furthermore, her participation in the second and third steps of the grievance procedure without objection, notwithstanding her union's objection to the procedure during the first step, indicates her acquiescence to it.

Supreme Court should not have ignored petitioner's argument that respondents improperly "converted" a proceeding to determine her medical fitness into a disciplinary proceeding, as this issue was raised in opposition to respondents' motion to dismiss, and not for the first time in her reply. Nevertheless, petitioner fails to adequately explain how this "conversion" claim assists her argument that she was not required to exhaust the grievance procedure. Indeed, petitioner could have raised this claim in the context of the disciplinary proceeding, and did so. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.