■ In the Matter of JOSEPH P. NEWMAN, Appellant, v FIRE DEPARTMENT OF THE CITY OF NEW YORK, Respondent. [850 NYS2d 51]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered on or about October 10, 2006, dismissing this CPLR article 78 proceeding seeking to rescind an agreement and to reinstate petitioner, unanimously affirmed, without costs.

Upon his appointment, petitioner signed an agreement that extended his one-year probationary period as a firefighter to 18 months and waived his right to a disciplinary hearing. The agreement was enforceable. Unlike the ineffective agreement in *Vega v Civil Serv. Commn., City of N.Y.* (385 F Supp 1376 [SD NY 1974]), which merely spelled out statutory rights not authorizing the appointee's termination, the instant agreement gave respondent new rights with respect to termination.

Contrary to petitioner's contention, it was not necessary that the agreement be a quid pro quo for the dismissal of pending disciplinary charges, so long as his waiver of rights was knowingly and freely made (*see Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455 [1979], *cert denied* 444 US 845 [1979]). In clearly providing that the presence of alcohol in petitioner's blood or urine could lead to termination, the agreement was unambiguous (*cf. Matter of Delmage v Mahoney*, 224 AD2d 688, 689 [1996], *lv denied* 88 NY2d 812 [1996]). Since petitioner was still a probationary employee at the time of his failed test, he was properly terminated without a hearing (*see

*Matter of Barry v City of New York*, 21 AD3d 551 [2005]).
Concur—Tom, J.P., Saxe, Friedman and Williams, JJ. [*See* 13
Misc 3d 1245(A), 2006 NY Slip Op 52348(U).]