Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered December 19, 2013, denying the petition to annul respondent’s determination, dated February 18, 2013, not to reappoint petitioner as an assistant professor, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The collective bargaining agreement governing petitioner’s employment provides for a three-step grievance and arbitration procedure; petitioner’s failure to avail herself of this procedure precludes her from seeking relief under article 78 (CPLR 7801 [1]; see e.g. Matter of Plummer v Klepak, 48 NY2d 486 [1979], cert denied 445 US 952 [1980]). Petitioner failed to establish that arbitration, which could result in referral to a three-member committee of faculty members drawn from a panel jointly chosen by the Chancellor and the union, would be futile (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978]). Contrary to petitioner’s contention, the Chancellor’s academic judgment as to petitioner’s scholarly record and failure to secure meaningful funding does not constitute an agency policy that would render resort to administrative remedies futile (cf. Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 141 [1995] [resort to administrative remedies futile where agency’s longstanding position that Uniform Procedures Act (UPA) was not applicable to program pursuant to which petitions were brought meant petitions could not be deemed approved pursuant to UPA]; G. Heileman Brewing Co. v New York State Liq. Auth., 237 AD2d 203, 203 [1st Dept 1997] [“in view of defendant’s firm statement of policy, it is evident that resort to administrative remedies . . . would have been futile, and therefore was not required”]).
Concur — Tom, J.P., Renwick, Moskowitz, *584 Manzanet-Daniels and Feinman, JJ.