■ In the Matter of DARYL ORTLIEB, Respondent, v LEWIS COUNTY SHERIFF'S DEPARTMENT et al., Appellants. [65 NYS3d 390]—

Appeal from a judgment (denominated order) of the Supreme Court, Lewis County (Charles C. Merrell, J.), entered March 30, 2016 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, rescinded the resignation letter of petitioner and directed that petitioner be restored to his position as a deputy in respondent Lewis County Sheriff's Department.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to withdraw his resignation and be restored to his position as a deputy in respondent Lewis County Sheriff's Department. Petitioner had previously tendered his resignation to respondent Michael Carpinelli, as Lewis County Sheriff (Sheriff), during a meeting at which the Sheriff threatened to terminate petitioner for misconduct unless petitioner resigned. There had been no predisciplinary hearing pursuant to Civil Service Law § 75. When petitioner asked to withdraw his resignation shortly thereafter, the Sheriff denied his request. Supreme Court concluded that the Sheriff abused his discretion in refusing to allow petitioner to withdraw his resignation and granted the relief requested in the petition. We affirm.

Our review is limited to whether the Sheriff's "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). Because the decision whether to allow petitioner to withdraw his resignation was within the Sheriff's discretion (*see* Public Officers Law § 31 [4]), the issue before us is whether his denial of petitioner's request was arbitrary and capricious or an abuse of that discretion (*see Matter of Martinez v State Univ. of N.Y.-Coll. at Oswego*, 13 AD3d 749, 750 [3d Dept 2004]).

It is well settled that " '[a] resignation under coercion or duress is not a voluntary act and may be nullified' " (*Matter of Meier v Board of Educ. Lewiston Porter Cent. Sch. Dist.*, 106 AD3d 1531, 1531-1532 [4th Dept 2013]; *cf. Matter of Manel v Mosca*, 216 AD2d 468, 469 [2d Dept 1995]). Although a threat to terminate an employee does not constitute duress if the person making the threat has the legal right to terminate the employee (*see Meier*, 106 AD3d at 1532), such a threat does constitute duress if it is wrongful and precludes the exercise of free will (*see Austin Instrument v Loral Corp.*, 29 NY2d 124, 130 [1971], *rearg denied* 29 NY2d 749 [1971]; *Yoon Jung Kim v An*, 150 AD3d 590, 593 [1st Dept 2017]). It follows that a resignation obtained under the threat of wrongful termination is involuntary and may be withdrawn upon request, and that it is an abuse of discretion for an officer to deny such a request (*cf. Meier*, 106 AD3d at 1532).

Here, petitioner tendered his resignation under the threat of wrongful termination, and we therefore conclude that the Sheriff abused his discretion in refusing to allow petitioner to withdraw the resignation. Civil Service Law § 75 provides that a public employer may not terminate or otherwise discipline certain public employees "except for incompetency or miscon-

duct shown after a hearing upon stated charges" (§ 75 [1]). A covered employee "against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing" (§ 75 [2]). Thereafter, a hearing must be held (*see id.*). There is no dispute that petitioner was covered by the statute and that he was not provided with the requisite predisciplinary hearing. Thus, the Sheriff had no legal right to terminate him.

We reject respondents' contention that petitioner waived his right to a predisciplinary hearing. It is well settled that parties may modify or replace Civil Service Law § 75 through collective bargaining (*see* § 76 [4]; *Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.]*, 110 AD3d 1494, 1495-1496 [4th Dept 2013]). Nevertheless, "such a provision [of a collective bargaining agreement] must be clear and unambiguous in effecting the modification or replacement in order to be enforceable" (*Matter of Delmage v Mahoney*, 224 AD2d 688, 689 [2d Dept 1996], *lv denied* 88 NY2d 812 [1996]). Here, article XXII, section 2(A), of the collective bargaining agreement at issue (CBA) allows the County of Lewis to discharge or otherwise discipline an employee for "just cause," and provides that an employee covered by section 75 may elect to exercise the rights guaranteed thereunder after such discipline has been imposed. Because it is impossible to provide an employee with a predisciplinary hearing after he or she has already been disciplined, the provision of the CBA containing the ostensible section 75 waiver is ambiguous and thus unenforceable (*see Delmage*, 224 AD2d at 689-690). In any event, the CBA provision appears to preserve the employee's section 75 rights, not waive them.

Contrary to respondents' further contention, the court properly refused to dismiss the petition because of certain misrepresentations therein. We conclude that the alleged misrepresentations were immaterial. In the absence of "a scheme designed to conceal critical matters from the court" (*CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 321 [2014]), the extreme remedy of dismissal was unwarranted.

Finally, respondents' challenge to the court's issuance of a temporary restraining order (TRO) is not properly before us. A provisional remedy designed to maintain the status quo, such as a TRO, does not "necessarily affect[ ] the final judgment," and thus is not brought up for review in an appeal from that judgment (CPLR 5501 [a] [1]; *see Two Guys From Harrison-NY*

*v S.F.R. Realty Assoc.*, 186 AD2d 186, 189 [2d Dept 1992]). Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.