Matter of Katz v Carranza (2020 NY Slip Op 05581)





Matter of Katz v Carranza


2020 NY Slip Op 05581


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 158539/18 Appeal No. 11999 Case No. 2019-5526 

[*1]In re David Katz, Petitioner-Appellant,
v
Richard A. Carranza, Chancellor, New York City Department of Education, Respondent-Respondent.


Wolin & Wolin, Jericho (Alan W. Wolin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Ashley R. Garman of counsel), for respondent.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered June 28, 2019, dismissing the proceeding brought pursuant to CPLR article 78 to annul respondent's determination, dated June 1, 2018, which temporarily placed petitioner on inactive status as a substitute teacher and bowling coach, unanimously affirmed, without costs.
In the spring semester of 2018, the New York City Department of Education (DOE) received a report that petitioner, a retired DOE teacher working post-retirement as a substitute teacher, had made improper remarks to a student. DOE placed petitioner on inactive status while it investigated the report, rendering him temporarily ineligible for substitute teaching assignments and for "per session" DOE jobs, including the bowling coach position he had held for many years. Because petitioner remained ineligible when the 2018-2019 school year began, DOE appointed another applicant as the bowling coach. DOE subsequently returned petitioner to active status, and he resumed substitute teaching. In the interim, however, petitioner brought this article 78 proceeding challenging his inactive status and seeking restoration to his substitute teaching and bowling coach positions as well as back pay.
The court correctly dismissed the article 78 proceeding, because petitioner failed to exhaust the grievance procedures set forth in the collective bargaining agreement. An aggrieved union member whose employment is subject to a collective bargaining agreement between the union and the employer must first avail himself of the grievance procedure set forth in the agreement before he can commence an action seeking relief under CPLR article 78 (see Matter of Plummer v Klepak , 48 NY2d 486, 489 [1979], cert denied 445 US 952 [1980]). Here, petitioner never grieved DOE's decision to make him temporarily inactive. In addition, petitioner began, but never completed, the grievance process related to the denial of his bowling coach application. Petitioner's insistence that he was excused from exhausting his administrative remedies in this case is meritless, and his failure to do so requires the dismissal of the petition. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020