**Raphael v Kaplan**

2024 NY Slip Op 31047(U)

March 28, 2024

Supreme Court, New York County

Docket Number: Index No. 158741/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. NICHOLAS W. MOYNE**                    PART            **41M**

                                                    *Justice*

-----------------------------------------------------------------X

SAMUEL RAPHAEL                             | INDEX NO.        | 158741/2023

                         Petitioner,       | MOTION DATE      | 09/03/2023

            - v -                          | MOTION SEQ. NO.  | ·001

DEBORAH KAPLAN,                            | **DECISION + ORDER ON**
                                           |        **MOTION**
                         Respondent.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9,· 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48

were read on this motion to/for               ARTICLE 78 (BODY OR OFFICER)               .

Upon the foregoing documents, it is

In this Article 78 proceeding, the petitioner challenges the termination of his

employment. The respondent, Hon. Deborah Kaplan, the Deputy Chief Administrative Judge for

New York City Courts, opposes the motion.

## Background

The petitioner, Samuel Raphael, is a former Court Revenue Assistant who worked in

Queens County Supreme Court. Petitioner's employment was covered by a collective bargaining

agreement ("CBA") (Exh. A, NYSCEF Doc. No. 3). On November 18, 2021, the petitioner was

placed on an involuntary leave of absence pursuant to Section 9.3(i)(2) of the Collective

Bargaining Agreement (*see* Exh. D, NYSCEF Doc. No. 6). By letter dated May 8, 2023, the

petitioner was informed that a second evaluation by the State's doctor determined that petitioner

is not fit to perform the duties of a Court Revenue Assistant, and that, since petitioner had been

out on an involuntary leave for over a year, he was terminated (*see* Exh. J, NYSCEF Doc. No.

**158741/2023  RAPHAEL, SAMUEL vs. KAPLAN, DEBORAH**                    Page 1 of 4
**Motion No.  001**

[* 1]                              1 of 4

12). On or about May 12, 2022, November 7, 2022, May 15, 2023 and June 26, 2023, petitioner's counsel sent respondent letters requesting an appeal. No appeal was granted, and the instant proceeding was commenced.

### The petitioner failed to timely exhaust his administrative remedies

"An aggrieved union member whose employment is subject to a collective bargaining agreement between the union and the employer must first avail himself of the grievance procedure set forth in the agreement before he can commence an action seeking relief under CPLR article 78" (*Katz v Carranza*, 187 AD3d 470 [1st Dept 2020]). It is not arbitrary or capricious to reject a belated request for an appeal (*see Siegel v Bd. of Educ. of City School Dist. of City of New York*, 58 AD3d 474, 474-75 [1st Dept 2009] ["The court properly held that respondents did not act arbitrarily and capriciously when rejecting petitioner's belated request for a hearing"]). It is undisputed that the petitioner was a union member subject to a collective bargaining agreement. Pursuant to CBA § 9.3(i)(6)(a), if a person elects to appeal being placed on leave pursuant to CBA §§ 9.3(i)(2) or 9.3(i)(3) or terminated pursuant to CBA § 9.3(i)(4), they must file a written request for a hearing with the Deputy Chief Administrative Judge within ten workdays from service of the notice of the determination to be reviewed. Petitioner received the letter which placed him on involuntary leave, and informed him of the right to appeal such involuntary, leave on November 18, 2021 (*see* Petition ¶ 17, NYSCEF Doc. No. 1). Therefore, the plaintiff's first request for an appeal, on May 12, 2022, and all subsequent requests to appeal, were untimely.

Petitioner's contention that it would be illogical to file for an appeal within ten workdays of this initial notice because the psychological examination of the petitioner had not yet been conducted is unavailing. The CBA provides protections for the employee pending the hearing on

**158741/2023 RAPHAEL, SAMUEL vs. KAPLAN, DEBORAH**
**Motion No. 001**

Page 2 of 4

2 of 4

appeal. Specifically, CBA § 9.3(i)(6)(b) provides that, upon receipt of the request for an appeal, "imposition of the leave or termination shall be held in abeyance until a final determination is made by the Deputy Chief Administrative Judge (New York City Courts) as provided in Section 9.3(i)(6)(c)." CBA § 9.3(i)(6)(b) additionally provides that upon receipt of the request for appeal the Deputy Chief Administrative Judge shall supply to the employee or his/her personal physician or authorized representative, copies of all diagnoses, test results, observations and other data supporting the determination. Therefore, had petitioner filed his request for an appeal within ten workdays of November 18, 2021, his leave would have been held in abeyance pending a hearing on the appeal. The hearing on appeal would have happened after the psychological and physical examinations of the plaintiff (*see* 12/20/2023 Tr. at p. 9-10).

The petitioner's argument that he had the right to appeal his termination, and such request to appeal his termination was timely served on the respondent is also unavailing. The respondent correctly indicates that the petitioner's termination was pursuant to CBA § 9.3(i)(3), which is not a job action for which the CBA provides a right to appeal (*see* Kaplan Aff. ¶ 38, NYSCEF Doc. No. 26). Petitioner contends that the termination provision of CBA § 9.3(i)(3), which states "An employee placed on leave pursuant to this subsection who is not reinstated within one year after the date of commencement of such leave, may be terminated by the Deputy Chief Administrative Judge (New York City Courts) and his/her position may be filled by a permanent appointment," only applies to employees who are temporarily disabled and placed on leave pursuant to the leave provision of CBA § 9.1(i)(3), not to employees placed on leave pursuant to CBA § 9.3(i)(2). However, CBA § 9.3(i)(3) states an "employee placed on leave pursuant to this *subsection*" (emphasis added). Contrary to petitioner's contention, a simple examination of the structure of the CBA shows that the *subsection* is all of CBA § 9.3(i), not just § 9.3(i)(3) – which

[* 3]

would be a sub-subsection. The CBA is broken down into Articles (*i.e.*, Article 9), Sections (*i.e.*, Section 9.3), Subsections (*i.e.*, 9.3[i]), and then further into sub-subsections (*i.e.*, 9.3[i][2] or 9.3[i][3]), and then into sub-sub-subsections, etc. Therefore, the CBA allows the respondent to terminate the petitioner, pursuant to CBA § 9.3(i)(3) as an employee placed on leave and not reinstated within one year. Termination pursuant to CBA § 9.3(i)(3) is not one of the actions subject to appeal pursuant to CBA § 9.3(i)(6). Accordingly, the respondent's placement of plaintiff on involuntary leave, subsequent termination, and denials of appeal were not arbitrary and capricious. Therefore, the petition must be denied.

## Conclusion

For the reasons set forth hereinabove, it is hereby

ORDERED that the petition is denied, ant the action is dismissed.

This constitutes the decision and order of the court.

_____
**3/28/2024**
**DATE**

NICHOLAS W. MOYNE, J.S.C.

CHECK ONE: [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

[ ] GRANTED [X] DENIED    [ ] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

**158741/2023   RAPHAEL, SAMUEL vs. KAPLAN, DEBORAH**
**Motion No. 001**

**Page 4 of 4**

[* 4]

4 of 4