◼ In the Matter of JOHN C. PALUMBO et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin the Board of Education of the City of New York from applying the excessing or lay-off rules of the 1972 contract between the board and the United Federation of Teachers (the union), the appeals (by permission) are from an order of the Supreme Court, Richmond County, dated February 9, 1976, which, *inter alia,* denied the separate motions of the board and union to dismiss the proceeding for failure to state a cause of action. Order modified, on the law, by deleting therefrom the provision which denied the motion of the United Federation of Teachers and substituting therefor a provision granting the said motion. As so modified, order affirmed, without costs or disbursements. Petitioners are high school teachers who had previously taught at the junior high school level. A provision in the collective bargaining agreement between the union and the board of education does not include junior high school teaching time when lists are prepared for the purpose of determining which teachers should be excessed. Petitioners allege that they and those similarly situated were unfairly represented by the union and that, in addition, the provision in question is illegal because the board of education encouraged teachers to change their teaching status by acquiring different licenses, without telling them that they would lose tenure in the New York City school system. Petitioners allege that the union committed an unfair labor practice as defined in section 209-a of the Civil Service Law. Section 205 (subd 5, par [d]) of the Civil Service Law provides that the Public Employment Relations Board (PERB) has exclusive, nondelegable jurisdiction over any unfair labor practice as defined in section 209-a. The courts do not have subject matter jurisdiction over such unfair labor practices until an alleged violation has been submitted to the PERB (see Civil Service Law, § 213). Petitioners do state a cause of action in their petition as against the board of education. Since the violation is a continuing one, the four-month Statute of Limitations does not bar the action (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 217:1, p 506). The merits of this proceeding have not been considered upon this appeal. Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.