■ In the Matter of FRANK HOSP et al., Respondents-Appellants, v MICHAEL SENIUK, as Sheriff of the County of Nassau, et al., Appellants-Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the County Executive of Nassau County, which reversed a finding of the Nassau County Grievance Board that petitioners were entitled to compensation for standby duty performed by them since 1972, the parties cross-appeal (upon permission granted by this court) from a judgment of the Supreme Court, Nassau County (Burstein, J.), dated June 16, 1980, which, upon granting reargument, (1) annulled the determination of the County Executive of Nassau County, (2) remanded the matter for a new hearing to determine petitioners' claim for standby pay, (3) ruled that the county executive is without power to review the determination of the Nassau County Grievance Board with respect to the instant matter, and (4) directed payment of standby pay should the Nassau County Grievance Board rule in favor of petitioners. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed. The petitioners are 18 Deputy Sheriffs assigned to the Nassau County Family Court unit, who seek compensation for standby duty since 1972 pursuant to their collective bargaining agreements. The other parties are the Nassau County Sheriff and the County of Nassau. In a prior article 78 proceeding commenced by 12 of the 18 petitioners in the present proceeding, the Supreme Court, Nassau County (Young, J.), by order dated July 27, 1978, dismissed the petition based upon the petitioners' failure to exhaust their administrative remedies provided for in the collective bargaining agreement. Subsequently, on August 9, 1978, there was presented to the petitioners' immediate supervisor, Charles Doughty, a grievance entitled, "CLASS ACTION ON BEHALF OF THE DEPUTY SHERIFFS", and the determination made on August 10, 1978, at Step No. 1, by the said supervisor, denying relief indicates "not under my purview". The grievance form, as reflected in the record and supplemented by submission by petitioners subsequent to oral argument of this appeal, documents Step Nos. 1 and 2 of the grievance procedure. On August 10, 1978 receipt of the decision at Step No. 1 was acknowledged by one "Nicholas Abbatiello, Pr.", who is not a named party in this proceeding. This form also reflects that one Dorothy Garage, who was, apparently, "CSEA Unit Rep.", also not a named party in this proceeding, requested review at Step No. 2 of the grievance procedure. This grievance was denied at Step No. 2 by the Sheriff of Nassau County, and a further request

was made by the said Dorothy Garage for Step No. 3 review. The pertinent provisions of the collective bargaining agreement between the Nassau County Civil Service Employees Association and the County of Nassau covering the period January 1, 1977 through December 31, 1978, with respect to the grievance procedure, are as follows: "5.1-1 [Step No. 1] An employee who feels that he has been aggrieved may orally present his grievance to his immediate supervisor, not a member of the negotiating unit, who shall carefully consider the matter and, within three (3) days thereafter, make a determination and advise the employee and the Association of the decision. * * * 5.2 * * * The Association may submit a grievance, provided it does not merely affect an individual, with Step 3 as the initial step." After the Grievance Step No. 3 hearing was held before William Mairs, hearing officer, a decision with respect to "a *class* grievance * * * on behalf of the Deputy Sheriffs assigned to the Family Court" was rendered (emphasis supplied). The hearing officer's decision in denying the grievance stated, *inter alia,* "This grievance is a *class* grievance initiated by the Union at Step 3. Under the contract, *individual* employees are not parties to a *class* grievance *initiated by the Union.* While individual employees of the class affected may be present at the class grievance hearing as witnesses or even as observers, they have no standing which would entitle them to have an outside attorney either participate or observe when either the representative of the Union or of the Department objects. To permit Mr. Dorfman* to remain might also constitute a violation of the spirit, if not the letter, of Sec. 4.9 of the Contract which prohibits the County from permitting outsiders on County property with reference to matters affecting employees in the unit. Accordingly, Mr. Dorfman was requested to leave and he wasn't present during any part of the hearing on the merits of the grievance." (Emphasis supplied.) On December 6, 1978 the Grievance Step No. 4 hearing was held by the Nassau County Grievance Board with respect to the above "class grievance", *which was pursued by the Civil Service Employees Association.* The grievance board, by decision dated January 10, 1979, recommended that the grievants be paid for standby duty in accordance with the terms of the current agreement. We further note that the petition in the present proceeding alleges that the grievance proceeding was instituted *by the Nassau County Civil Service Employees Association* as a *class* grievance and was prosecuted *by the said association* through each of the successive steps, including the hearing before the Department of Labor (Step No. 3) and the ultimate step, the grievance board. It has been clearly demonstrated that the petitioners are employees within the purview of the collective bargaining agreement, which agreement documents the four steps that an employee must take in order to prosecute any grievance. In the instant case, the record fails to establish that the petitioners presented a grievance at any step. While the agreement apparently permits a "class grievance" by individual grievants, we note that if the petitioners did, in fact, commence the grievance procedure, they, as opposed to the association, wholly failed to complete the necessary procedure as established by Step Nos. 3 and 4 of the said collective bargaining agreement. Finally, there is no indication that the petitioners objected to the position taken by the hearing officer at Step No. 3, i.e., that "This grievance is a *class* grievance *initiated by the Union* at Step 3." (Emphasis supplied.) In view of the foregoing, it is our belief that since the petitioners did not present a grievance at any step, they have no standing to bring this article 78 proceeding (see *Aloi v Board of Educ.,* 81 AD2d 874; *Berlyn v Board of Educ.,* 80 AD2d 572). We also determine that where a public employee fails to avail himself of the grievance procedure outlined in the collective bargaining agreement, he may not seek relief under CPLR article 78, since he has failed to exhaust the

* Attorney representing certain individual Deputy Sheriffs.

proper administrative remedies (*Matter of Flemming v Cagliostro,* 53 AD2d 187, mot for lv to app den 40 NY2d 806). The Nassau County Civil Service Association has not been made a party to the instant proceeding. Since in fact it was the Association which maintained the grievance proceeding, as demonstrated at both Step No. 3 and Step No. 4, it was a necessary party in the within proceeding (cf. *City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469, 475). Accordingly, dismissal of this proceeding is required since petitioners lack standing to maintain it, and since the Nassau County Civil Service Association was not named as a necessary party. In view of the foregoing determination, this court will not consider the merits of this appeal, the genesis of which was the written determination by the County Executive of Nassau County, dated February 13, 1979, which concluded that the grievance board's recommendation was without foundation. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.