■ In the Matter of JOHN STUERECKE et al., Appellants, v POLICE COMMISSION OF TOWN OF RAMAPO, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commission of the Town of

Ramapo, dated March 6, 1985, which denied the petitioners' grievance, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Gurahian, J.), entered October 10, 1985, which denied the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the determination is annulled, and the grievance is remitted to the respondent for a new determination consistent herewith.

The issue presented on appeal is whether section 8.4 of the collective bargaining agreement between the Town of Ramapo and the Ramapo Police Benevolent Association, which requires that any employees whose "regularly scheduled tour of duty" is changed by a superior officer shall receive an additional benefit, mandates that the benefit be given not only when a tour of duty is changed in its entirety, but also when occasional lesser changes are made in a tour schedule in response to what the chief of police perceives to be the public need.

On August 11, 1984, the Town of Ramapo held a parade, and the petitioners, Town of Ramapo police officers, were called into begin their regularly scheduled eight-hour tours of duty one hour prior to when they otherwise would have been required to report. This was done to provide appropriate police coverage for crowds and increased vehicular traffic that the parade was expected to create. Even though their regularly scheduled tour of duty remained intact, after the day of the parade, the petitioners sought extra pay, pursuant to section 8.4 of the collective bargaining agreement, which provides: "Any employee whose regularly scheduled tour of duty is changed by a superior officer shall receive an additional four (4) hours straight pay for said tour of duty actually worked. This shall not include mutual swappings of tours of duty by the employees. Payment shall be made for this provision retroactive to January 1, 1983". The Police Commission denied the petitioners' grievance, interpreting the language "regularly scheduled tour of duty" to mean a significant change in a tour, rather than a change of an hour, the situation at bar. This interpretation was arbitrary and capricious *(see, Matter of Strongin v Nyquist,* 44 NY2d 943, *rearg denied* 45 NY2d 839, *appeal dismissed and cert denied* 440 US 901; *Matter of Chauvel v Nyquist,* 43 NY2d 48; *Matter of Johnson v Ambach,* 74 AD2d 986). The interpretation is contrary to the plain language of the clause, which describes when a tour is "changed". The contract seeks to compensate police officers for any change in hours at the behest of man-

agement that results in irregular hours. This is the situation at bar. To accept the respondent's interpretation, that a tour can be changed occasionally when the public need requires (without triggering section 8.4 of the collective bargaining agreement), threatens to destroy the effectiveness of the contract provision. Under such an interpretation, an officer can be called in 3, 4, or even 6 hours early—even for indefinite periods of time—and not be compensated merely because the shift is not permanently changed.

Accordingly, the denial of the petition was improper. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.