■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v CITY OF TROY et al., Respondents. [636 NYS2d 455] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered December 19, 1994 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action and for failure to exhaust administrative remedies.

On October 13, 1994, respondent City Manager of the City of Troy, implementing an executive decision, informed certain city employees that their positions were being abolished. The workers, including petitioner Marianne Herkenham, were directed to cease work immediately, although they were told they would be paid at least through October 28, 1994. Petitioners then commenced this CPLR article 78 proceeding in which they contend, *inter alia*, that positions can be abolished only by the City Council, through the budget amendment process, and that the City Manager exceeded his authority by doing so unilaterally. Petitioners seek an order prohibiting respondents from interfering with the terminated employees' resumption of their employment, and from taking certain other actions which, in petitioners' view, violate the law and the terms of the collective bargaining agreement governing respondents' relationship with City employees and their union, petitioner Civil Service Employees' Association. Respondents' motion to dismiss the petition on objections in point of law, pursuant to CPLR 7804 (f), was granted, and petitioners appeal.[1]

Considering only the petition and its attachments, as we must at this juncture (*see, Matter of Scott v Commissioner of Correctional Servs.*, 194 AD2d 1042, 1043; *Matter of N.J. Koss, Inc. v Regan*, 149 AD2d 785, 787-788; *Matter of Cutcher v Nyquist*, 39 AD2d 810, 811), we conclude that petitioners, insofar as they allege that the City Manager was without power to abolish the positions at issue, which were created by budget

1. Supreme Court also dismissed without prejudice an amended petition, brought on behalf of petitioners and others, that raised several additional claims, and did not consider either the allegations set forth therein or petitioners' motion for discovery with respect thereto. Having commenced a separate proceeding encompassing the additional allegations, petitioners do not contest these portions of Supreme Court's judgment.

ordinance, have stated a viable cause of action (*see, Matter of Torre v County of Nassau*, 86 NY2d 421). The first, third and sixth causes of action[2] should not, therefore, have been dismissed.

The other causes of action are meritless. Neither the second cause of action, which is based on NY Constitution article VII, nor those aspects of the fourth and fifth causes of action charging violation of Labor Law § 201-d, find support in the petition or incorporated documents. Moreover, inasmuch as the fourth cause of action is, essentially, based on allegations that respondents breached the terms of the collective bargaining agreement by failing to provide a seniority list, Supreme Court properly found respondents entitled to dismissal of that claim on the ground that petitioners failed to demonstrate that they had exhausted their administrative remedies, in that they should have pursued contractual grievance procedures prior to bringing suit (*see, Hosp v Seniuk*, 86 AD2d 667, 668-669; *Matter of Flemming v Cagliostro*, 53 AD2d 187, 189, *lv denied* 40 NY2d 806).

To the extent that respondents' purported attempt to circumvent proper collective bargaining procedures, by negotiating directly with City employees rather than with their appointed representatives, might be viewed as constituting a failure to negotiate in good faith in violation of the Taylor Law (*see*, Civil Service Law § 209-a), it suffices to note that claims of this type must first be submitted to the Public Employment Relations Board (*see*, Civil Service Law § 205 [5] [d]; *Matter of Palumbo v Board of Educ.*, 60 AD2d 858). The second, fourth and fifth causes of action were, accordingly, properly dismissed.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing petitioners' first, third and sixth (denominated fifth) causes of action; motion denied regarding said causes of action; and, as so modified, affirmed.

---

2. The six causes of action were denominated "first", "second", "third", "fourth", "fourth" and "fifth". To avoid confusion, the claims will be treated herein as if they had been properly numbered, with the second "fourth" cause of action referred to as the "fifth" and that which was denominated "fifth", as the "sixth".