In the Matter of ODESSA-MONTOUR CENTRAL SCHOOL DISTRICT, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [645 NYS2d 100] —Mikoll, J.

The issue here is whether respondent Public Employment Relations Board (hereinafter PERB) properly determine that petitioner violated the Taylor Law when, after five months of unsuccessfully bargaining with respondent Odessa-Montour Transportation Association (hereinafter the Association), petitioner proceeded to contract with a private company for bus services previously rendered by the Association.

Petitioner was collectively bargaining with the Association, representing bus drivers and mechanics, for a contract to succeed the one which had expired in June 1991. The Association was advised by petitioner's counsel, James Young, that petitioner was examining alternatives to the traditional manner in which services had been provided. He offered to negotiate the issue and its "impact" with the Association. Young was to negotiate the issue of contracting out and William Stratton was assigned to continue to negotiate over the successor collective bargaining agreement with the Association, which was represented by Robert Tilden.

The Association submitted proposals for a salary increase over a four-year period. Petitioner meanwhile forwarded to the Association bids received for contracting out. No counter pro-

posal was made by the Association to petitioner's negotiators. Meanwhile, petitioner's Board of Education placed on their March 11, 1993 agenda consideration of the contracting out issue. The proposals put forward by the Association were for the period July 1, 1991 through June 30, 1993 and for a severance package. On March 11, 1993, the Board of Education chose to contract out its bus and mechanical services and to abolish all bus drivers' and mechanics' positions.

The Association, by letter dated March 31, 1993, indicated that petitioner still had an opportunity to change the economic aspects of the labor contract. The Association also mentioned that they were offering the four-year contract with no increases in wages as their counterproposal to petitioner's decision to contract out. This offer was forwarded to the Board of Education and considered at its April 8, 1993 meeting but was not acted upon.

On May 7, 1993 the Association charged petitioner with violating the Taylor Law. On May 25, 1993, petitioner's Superintendent executed the contracting out contract with Birnie Transportation.

The Administrative Law Judge (hereinafter ALJ) originally dismissed the charges, finding that the Board of Education's action was not a violation of the Taylor Law. PERB reversed, finding that the Board of Education's action of March 11, 1993 supported a prima facie claim of a Civil Service Law § 209-a (1) (d) violation. It held that the Association did not waive its right to negotiate the contracting out of petitioner's bus operations and that the parties were required to negotiate to impasse despite the Association's refusal to negotiate with Young and its failure to offer him any counterproposal. The matter was then returned to the ALJ who found that no waiver occurred and that petitioner violated the Public Employees' Fair Employment Act (Civil Service Law art 14) by failing to bargain the contracting out issue. Petitioner filed exceptions with PERB which affirmed the ALJ and ordered petitioner to restore the *status quo ante*, that is, giving the work back to the unit and offering reinstatement with full back pay and benefits to unit employees who had been terminated, plus interest at the maximum legal rate. Petitioner then commenced this proceeding in Supreme Court, which denied petitioner's notice claim under Education Law § 3813 (1) for petitioner's failure to raise such issue before PERB and transferred the substantial evidence question to this Court.

As to Supreme Court's denial of relief for the Association's noncompliance with Education Law § 3813 (1), the statutory

notice of claim, we held in *Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.* (214 AD2d 288, 291) that lack of compliance with the statutory notice of claim requirement does not have to be pleaded as an affirmative defense, but that it is waived if not raised before the court of original jurisdiction. PERB is the court of original jurisdiction in an unlawful employer practice charge. As petitioner never raised or addressed this issue before PERB, Supreme Court correctly found that petitioner waived this defense.

Petitioner next contends that the Association failed to make an alternative counterproposal on the issue of the contracting out in the five months of petitioner's attempts to negotiate the issue. Petitioner urges that such failure resulted in a waiver of the Association's right to negotiate, freeing the Board of Education to act unilaterally. We conclude that the record does not indicate a clear and unambiguous waiver of the Association's rights (*see, Matter of Civil Serv. Empls. Assn. v Newman*, 88 AD2d 685, 686, *affd* 61 NY2d 1001). The totality of the Association's conduct establishes that it did not waive its rights to negotiate the decision-making issue. As to this point, we concur with PERB's finding as well. Petitioner further contends that the improper practice charge by the Association is directed against the Board of Education's action of March 11, 1993 in accepting a bid to contract out its transportation services and its April 8, 1993 action of failing to act on the Association's counteroffer to petitioner. Petitioner contends that such charge is fatally defective because the Board of Education, the legislative body of petitioner, has no duty to bargain and, therefore, could not violate Civil Service Law § 209-a (1) (d). The charge was never amended to include the execution of the contract by petitioner's Superintendent on May 25, 1993, subsequent to the charges being filed by the Association. Petitioner also contends that the charge should be dismissed as a matter of law and that PERB's finding to the contrary should be reversed as contrary to law and the facts.

Petitioner also contends that the ALJ, to whom the issue was sent back, erred in failing to determine whether the complaint was rebutted by petitioner's proof or erred in simply accepting PERB's finding of a prima facie violation as an irrebuttable presumption.

We note that a careful reading of the charges reveals that only under one allegation, i.e., paragraph 6.16 of the charges, could it be remotely interpreted to cover the action found by PERB to constitute a prima facie claim of a Civil Service Law § 209-a (1) (d) violation, that is, the "allegation and evidence of

executive action as of March 11, 1993". This paragraph contains no factual allegations or references to specific conduct or action and is only a broad catchall conclusory allegation alleging a failure to negotiate in good faith. In its remand to the ALJ, PERB found a prima facie claim of a Civil Service Law § 209-a (1) (d) violation premised on the contracting out of petitioner's bus operation.

We conclude that the charge of violating Civil Service Law § 209-a (1) (d) is based solely upon the Board of Education's action of March 11, 1993. This finding makes the lawful Board of Education action the violation. The ALJ accepted PERB's finding that petitioner's Superintendent had wholly adopted the Board of Education's March 11, 1993 action before an impasse had been reached and without any evidence of a compelling need to make a change. However, the record contains no evidence to support such conclusion.

To the contrary, the record does not support the determination that petitioner stopped bargaining in good faith. The Association's complaint itself alleges that petitioner solicited from the Association a four-year contract proposal after the March 11, 1993 Board of Education action which was submitted to the Board of Education at its April 8, 1993 meeting. Between the Board of Education's March 11, 1993 action and May 7, 1993, when charges were filed, petitioner did nothing to act upon, adopt or in any way implement the Board of Education's decision. The record discloses that negotiations continued between the parties. The reality and impact of the Board of Education's action in deciding to contract out transportation services could not be ignored by petitioner's representatives in their continued negotiation with the Association, nor could they ignore the fact that all bus drivers' and mechanics' positions had been abolished effective June 30, 1993. As a result, there was a compelling need to act on the part of petitioner, contrary to PERB's conclusion. A review of the record as a whole reveals no basis to determine that petitioner unlawfully refused to negotiate in good faith but rather fully establishes the contrary.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.