concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of SAMUEL EDMONSON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [667 NYS2d 516] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a State prison inmate, was found guilty of violating prison disciplinary rules which prohibit assaulting an inmate and possessing a weapon. The charges stem from petitioner's alleged assault on a fellow inmate with a razor blade. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Contrary to petitioner's contention, we find that the hearing was commenced within seven days of his confinement on September 10, 1996 as required by 7 NYCRR 251-5.1 (a). The hearing was commenced on September 15, 1996 when the misbehavior report was read into the record and petitioner entered his plea of not guilty to the charges (*see, Matter of Bernacet v Coughlin*, 145 AD2d 802, 803, *lv denied* 74 NY2d 603). Although the hearing was subsequently adjourned, we find that the seven-day requirement was satisfied (*see, id.*).

Furthermore, the detailed misbehavior report authored by a correction officer who witnessed the attack, together with the testimony of the correction officer who escorted the victim to the hospital, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Gibson v Selsky*, 244 AD2d 739). Petitioner's remaining contentions, including his claims of Hearing Officer bias and ineffective employee assistance, are either unpreserved for our review or have been found to be unpersuasive.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of LOIS ROMA et al., Respondents, v SANDRA RUFFO, as President of the Board of Education of the Susquehanna Valley Central School District, et al., Appellants. [667 NYS2d 500] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 9, 1996 in Broome County, which granted petitioners' application, in a

proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education of the Susquehanna Valley Central School District denying a grievance filed by petitioners.

Petitioners are employed by the Susquehanna Valley Central School District as full-time matrons. A collective bargaining agreement between the School District and the Civil Service Employees Association Local No. 1000 (CSEA), on behalf of the District's employees, was executed on December 30, 1993 and governed the rights and responsibilities of the parties for the period July 1, 1993 through June 30, 1996. Among the provisions of the agreement at issue here are those which (1) reserve to the District the right to "hire, suspend, discharge, discipline, promote, demote, transfer and abolish positions" (art 5, § I); (2) provide that matrons shall normally work an eight-hour day/40-hour week[1] (art 15); (3) commit the District to negotiate collectively with CSEA as to salaries and terms and conditions of employment (art 5, § II); (4) provide that no change in District policy concerning employees' working conditions may be implemented without prior negotiation with and agreement by CSEA (art 11); and (5) set forth a four-step grievance procedure to be followed with respect to any claimed violation of the agreement (art 27).

Petitioners were notified by the District's Superintendent that, effective July 1, 1995, their positions would be reduced from an eight-hour day/40-hour week to a six-hour day/30-hour week due to budgetary considerations. Petitioners, through CSEA, filed a grievance in accordance with the procedure set forth in article 27 of the agreement, contending that pursuant to the agreement the matrons were guaranteed a 40-hour week, and that any change in the terms and conditions of the their employment would have to be the subject of collective bargaining.[2] The grievance proceeded through the four steps and was denied following a hearing on November 18, 1995. Petitioners thereupon commenced this CPLR article 78 proceeding seeking annulment of the Board's determination. Supreme Court granted the petition, determining that the Board's action was arbitrary and capricious, and ordered petitioners restored to their former 40-hour week "unless/until the conditions of their

1. Specifically excepted from this general rule was one matron (not among petitioners) whose work day would be six hours for a 30-hour week.

2. The record on appeal does not contain the actual grievance filed by the matrons. Its allegations are gleaned from petitioners' April 5, 1996 verified petition and respondent Sandra Ruffo's answering affidavit sworn to on June 7, 1996.

said employment are altered in accordance with the provisions of the collective bargaining agreement".

It cannot be disputed that the clear intent of the parties, as evidenced by explicit provisions set forth in the agreement, was that matters affecting the "terms and conditions" of employment be the subject of collective bargaining, and further that any changes in policy relative thereto would not occur without prior negotiation and agreement between the parties. The grievance filed by petitioners alleged that respondents violated the collective bargaining agreement by failing to collectively bargain matters affecting the terms and conditions of employment and the change in policy resulting in workhour reduction. As such, this grievance alleges an unfair labor practice of which the Public Employment Relations Board has exclusive, nondelegable jurisdiction (*see,* Civil Service Law § 205 [5] [d]; *Matter of Jefferson County Bd. of Supervisors v New York State Pub. Empl. Relations Bd.,* 36 NY2d 534; *Matter of Civil Serv. Empls. Assn. v City of Troy,* 223 AD2d 825; *Matter of Palumbo v Board of Educ.,* 60 AD2d 858). Accordingly, petitioners' claim should have been first submitted to the Public Employment Relations Board as the "court of original jurisdiction in an unlawful employer practice charge" (*Matter of Odessa-Montour Cent. School Dist. v New York State Pub. Empl. Relations Bd.,* 228 AD2d 892, 894). We point out that the sole authority cited by Supreme Court in support of its judicial review of an interpretation of a collective bargaining agreement, *Matter of Stuerecke v Police Commn.* (133 AD2d 762), did not involve a claim of an unfair labor practice.

Mercure and Yesawich Jr., JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. While we have no quarrel with the proposition that allegations of an unfair labor practice must first be presented to the Public Employment Relations Board, we do not perceive that to be the crux of petitioners' complaint. In our view, petitioners are alleging that respondents breached the terms of the collective bargaining agreement by reducing their work week to six hours a day, 30 hours per week, whereas the agreement guarantees them eight hours a day, 40 hours per week. Further, we agree with Supreme Court's determination that the School District's interpretation of the agreement was arbitrary and capricious in that it was contrary to the plain language of article 15, § I (A) of said agreement. Accordingly, we would affirm Supreme Court's judgment.

Peters, J., concurs. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed, with leave to

petitioners to seek review of the determination of respondent Board of Education of the Susquehanna Valley Central School District from the Public Employment Relations Board.