John M. ZDZIEBLOSKI, Jr., Plaintiff,

v.

The TOWN OF EAST GREENBUSH, NEW YORK; Michael Van Voris, Supervisor, Town of East Greenbush; Brian Hart, Councilman, Town of East Greenbush; Joan Malone, Councilwoman, Town of East Greenbush; Virginia O'Brien, Councilwoman, Town of East Greenbush; Town Board, Town of East Greenbush; Patrick T. Maney, Town Attorney, Town of East Greenbush; Robert Angelini, Town Engineer and Director of the Department of Building and Development of the Town of East Greenbush; and Theresa Miller, Director of Finance, Town of East Greenbush; Each Individually and in Their Official Capacities, Defendants.

No. 96–CV–1040(LEK/DRH).

United States District Court, N.D. New York.

Feb. 23, 2000.

Law Office of Lewis B. Oliver, Jr., Albany, NY (Lewis B. Oliver, Jr., of counsel) for plaintiff.

O'Connor, Yoquinto & Ryan, Troy, NY (William D. Yoquinto, of counsel), Dreyer, Boyajian L.L.P., Albany, NY (Daniel J. Stewart, of Counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

This action alleges that Defendants restructured town departments as a pretext for eliminating Plaintiff's job, and subsequently refused to rehire him, in retaliation for his support of the Republican Party. Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1988, and state law. Presently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).

### I. Procedural Posture

This case was consolidated with the case of *Earing v. East Greenbush*, 96–CV–1043, upon the order of the Honorable David R. Homer, United States Magistrate Judge, in view of the actions' commonalities of parties and counsel and their common questions of law and fact, and without objection from any party. (*See* Order at 2 (Doc. 9, 8 Nov. 1996).) The Court subsequently granted Defendants' motion of 23 June 1997 (Doc. 16) to dismiss the consolidated action. (*See* Mem.-Decision Order at 6 (Doc. 41, 9 July 1998).) The Court found that the complaints failed to satisfy the requirements of Fed.R.Civ.P. 8(a), that a complaint make "a short and plain statement of the claim," in that the complaints were too long, included unnecessary factual details, and included legal arguments. (*See* Doc. 41 at 3–5 & n. 1.) The Court dismissed the action without prejudice, and with leave to refile amended complaints within 30 days. Plaintiffs filed amended complaints on 7 August 1998. (*See* Doc. 43; 96–CV–1043 Doc. 11.) After the parties filed all submissions in the present motion to dismiss, they settled *Earing v. East Greenbush*. (*See* Settlement Agreement and Order (96–CV–1043 Doc. 12, 28

July 1999); Am. Settlement Agreement and Order (96–CV–1043 Doc. 13, 13 Dec. 1999).) *Zdziebloski v. East Greenbush* thus proceeds alone, but the submissions in this dismissal motion refer to two amended complaints, and frame some of their arguments on that set of facts, which has since changed. Because the change in circumstances subsequent to the filing of this motion will not alter the Court's disposition of the motion, the Court will proceed to issue its decision.

### II. Dismissal Standard

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied sub nom.*, *Soifer v. Bankers Trust Co.*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

> [C]onsideration is limited to the factual allegations in [the] complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

██ The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78

S.Ct. 99, 2 L.Ed.2d 80 (1957). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987).

It is with this standard in mind that the Court addresses the issues presented.

### III. *Discussion*

#### A. *Compliance with Federal Rule of Civil Procedure 8(a)*

Defendants argue that the Court should dismiss Plaintiff's amended complaint because it still does not comply with Fed. R.Civ.P. 8(a)'s requirement that the complaint consist of a "short and plain statement of the claim." A dismissal of a complaint pursuant to Rule 8(a) is appropriate when the complaint departs so far from the "short and plain" criteria that it undermines the interests of justice, by making it unnecessarily difficult for other parties and the court to discern the claims the plaintiff intends to set forth, and the factual bases underlying those claims. Conversely, "[a] proper pleading is one that gives the court and the parties fair notice of the claims and defenses asserted." 2 James Wm. Moore et al., Moore's Federal Practice § 8.09[1] (3d ed.1999) (citing *Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 201, 58 S.Ct. 507, 82 L.Ed. 745 (1938) ("[p]roper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment")).

The Court has read the amended complaint, and the arguments of the parties. The complaint is clear, and organized in a straightforward fashion. The Court cannot conclude that it fails to give Defendants fair notice of the claims asserted. Nor can the Court conclude that, in view of the nature of the legal claims and the number of defendants, the amended complaint is inexcusably lengthy. In view of this Circuit's clearly expressed "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988), it would be all the more inappropriate for the Court to dismiss this complaint pursuant to Rule 8(a), even with leave to refile. The Court sees little that could be gained by such a postponement; indeed, any conceivable gain would be far outweighed by the injustice of yet another delay in bringing this action to trial. The Court will therefore DENY dismissal of the amended complaint on this basis.

#### B. *Legislative Immunity*

Plaintiff has satisfactorily established that his amended complaint bases its claims on certain alleged actions by the Defendants that are colorably executive or administrative, and thus outside the scope of their legislative immunity. Because Plaintiff has in this respect stated a claim upon which relief can be granted, the Court may not dismiss his complaint on the basis of legislative immunity, and will thus DENY Defendants' request on that ground to dismiss the amended complaint.

#### C. *Claims Against Defendants Maney and Angelini in Their Individual Capacities*

Defendants argue that the municipality of East Greenbush is the entity responsible for the acts or omissions that Plaintiff cites as the basis for his claim, and that the acts or omissions of Defendants Maney and Angelini were purely ministerial. Accordingly, assert Defendants, all claims against those two individual Defendants should be dismissed. (*See* Mem. Law Supp. of Mot. Dismiss Am. Compls. ("Defs.' Mem. Law") at 8–9 (Doc. 48, 8 Oct. 1998).) Plaintiff has, however, pled sufficient facts to state a claim against those individuals for acts complicit with the acts of other Defendants that harmed Plaintiff in violation of his rights. The Court will

therefore DENY the request to dismiss the claims against those two individuals.

### D. State Law Claims

█ Defendants assert that state law claims brought pursuant to N.Y. Civ. Serv. Law § 107 (McKinney 1999–2000) "generally require that the plaintiffs exhaust their administrative remedies prior to filing suit." (Defs.' Mem. Law at 9.) In support of this argument Defendants cite *Civil Serv. Employees Ass'n Inc. v. City of Troy*, 223 A.D.2d 825, 636 N.Y.S.2d 455 (1996). The Appellate Division in that case found that the petitioners failed to demonstrate they had exhausted administrative remedies required by contractual grievance procedures under a collective bargaining agreement. *Id.* at 456. Defendants in the present case fail to demonstrate what that holding has to do with Plaintiff's cause of action under Section 107, and the Court itself sees no relevance. Nor has the Court's reading of Section 107 revealed any requirement for exhaustion of administrative remedies prior to filing suit. The Court will DENY Defendants' request to dismiss the state law claims on this ground, and notes that it is not helpful when a party presents an argument so inadequately researched and unclearly argued as this one seems to have been by Defendants' counsel.

With regard to Plaintiff's claim for breach of contract or a related theory of obligation, Plaintiff has asserted facts that plausibly posit the existence of some obligation, contractual or otherwise. The Court may not, therefore, dismiss the claim as failing to state a cause of action, and thus will DENY Defendants' request to dismiss this claim.

### E. Claims Against Individual Defendants in Their Official Capacities and Punitive Damage Claims

█ In support of their arguments that claims against the individual Defendants in their official capacities should be dismissed as repetitious, and that Plaintiff's punitive damage claims should be dismissed because he seeks relief that is not available, Defendants adduce two cases, citing them thus: "*Amato v. Saratoga Springs*, 972 F.Supp. 120 (N.D.N.Y.1997)," and "*Owen v. City of Independence, Missouri*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980)." These citations tell the Court and Plaintiff where in the reporters they may find these *cases*. They do not, however, tell where in the eight and one-half pages that Chief Judge McAvoy's decision occupies in the Federal Supplement, or where in the thirty-four pages that Justice Brennan's opinion for the Court occupies in United States Reports, this Court and the Plaintiff may find the *particular point* at which those decisions support Defendants' arguments. The Court is not required to scour cases a party refers to only in whole, looking for selections that will provide authoritative support for the party's arguments. "A court need not make the lawyer's case." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995). The Court thus finds that Defendants have cited no useful authority in support of these two arguments. Nor is either argument standing alone, on its face, sufficiently compelling to warrant dismissal of those claims on the basis of the pleadings. The Court will therefore DENY Defendants' request that claims against the individual Defendants in their official capacities should be dismissed as repetitious, and that Plaintiff's punitive damage claims should be dismissed because he seeks relief that is not available.

The Court thus finds that none of the arguments Defendants have set forth warrant dismissal of Plaintiff's amended complaint or any part thereof.

### IV. Compliance with the Local Rules and Due Care in Preparing Submissions

The Court notes that the parties submitted documents in this motion pursuant to the Local Rules as amended 1 January 1997. Under those Rule, papers were to use a typeface of 10 characters per inch. L.R. 10.1(a)(am. 1 Jan. 1997). Plaintiff's

memorandum of law opposing Defendants' motion used too small a typeface. For instance, "Zdziebloski," an eleven-character word, occupies only one linear inch in Plaintiff's memorandum. The Court expects that Plaintiff will use a typeface of the proper size in future submissions.

On this subject, the Court reminds counsel for all parties that our Local Rules were amended and revised substantially on 1 January 1999. Copies of the current Local Rules are available from the Clerk's office, or at the Court's web page, at < http://www.nynd.uscourts.gov/local-rul.htm>. The current Local Rules stipulate that documents presented for filing must have "text in minimum 12 point type; footnotes minimum 10 point type." L.R. 10.1(a) (am. 1 Jan. 1999). The Court reminds counsel that this section continues to require that documents presented for filing must have a "3 inch top margin on [the] first page," to ensure that the Clerk's Office can stamp the document without stamping over case information. *Id.* Plaintiff's counsel has been using only a two-inch margin on the first page, and Defendants' counsel has been leaving only a one-inch first-page margin.

The Court advises Plaintiff that in the copy of its response memorandum in this motion submitted to the Court, there were two page 17s. Parties must proofread carefully all submissions to the Court, to avoid such mistakes.

### CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendants' motion to dismiss the amended complaint is **DENIED in its ENTIRETY**; and

IT IS FURTHER ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.